IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION, | |
| Plaintiff, | No. 11-cv-03471- KJM-AC |
| vs. | |
| CALIFORNIA DEPARTMENT OF EDUCATION, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| EVERETT H., *et al.*, | |
| Plaintiffs, | No. 13-cv-00889-MCE-DAD |
| vs. | |
| DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, *et al.*, | ORDER ON RELATED CASE REQUEST |
| Defendants. | |

Examination of the above-captioned actions reveals that they are not related within the meaning of Local Rule 123(a). Under Local Rule 123(a), two actions are related when:

1

(1) [B]oth actions involve the same parties and are based on the same or a similar claim;
(2) both actions involve the same property, transaction, or event;
(3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
(4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

Local Rule 123(a)(3).

Although both cases name the California Department of Education (CDE) as a defendant, *Morgan Hill* focuses on CDE's alleged deficiencies throughout the state, whereas the facts alleged in the *Everett H* complaint concern only one particular school. Thus, assigning both cases to the same judge would not result in a substantial savings of judicial effort. The court declines to reassign *Everett H* under Local Rule 123(c).

IT IS SO ORDERED.

DATED: July 31, 2013.

_____
UNITED STATES DISTRICT JUDGE