UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT H., a minor, by and through his Guardians Ad Litem REBECCA HAVEY and HEATH HAVEY; REBECCA HAVEY, an individual; and HEATH HAVEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, BOARD OF TRUSTEES OF DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT; MARK GEYER, individually and in his official capacity of Superintendent of Dry Creek Joint Elementary School District; EVONNE ROGERS, individually and in her official capacity as Assistant Superintendent of Educational Services; LYNN BARBARIA, individually and in her official capacity as Director of Special Education; ANDREW GIANNINI, individually and in his official capacity as Principal at Olive Grove Elementary School; CALIFORNIA DEPARTMENT OF EDUCATION; and TOM TORLAKSON, individually and in his official capacity as State Superintendent of Public Instruction for the State of California,<br><br>Defendants. | No. 2:13-cv-00889-MCE-DAD<br><br>**ORDER** |

1

Through this action, Plaintiffs Heath and Rebecca Havey, both individually and on behalf of their son Everett H. (collectively, "Plaintiffs"), allege educational harms based on purported violations of Everett's right as a disabled student to a free and appropriate public education ("FAPE") pursuant to the provisions of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400m et seq. ("IDEA") and various state statutes.  Plaintiffs also assert associated violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504").  Finally, Plaintiffs assert claims under the auspices of 42 U.S.C. § 1983 ("§ 1983"), including claims for failure to accommodate, discrimination, and retaliation.  By way of damages, Plaintiffs seek compensatory education and reimbursement, punitive damages and attorneys' fees.

The Dry Creek Joint Elementary School District, Everett's local school district, is named as a Defendant, along with Dry Creek's Board of Trustees and four individual Dry Creek administrators, Lynn Barbaria, Mark Geyer, Andrew Giannini and Evonne Rogers, in their official capacities (the "Local Defendants").   In addition to the Local Defendants, Plaintiffs also name as Defendants the California Department of Education (the "CDE") and State Superintendent of Public Instruction Tom Torlakson  (the "State Defendants").

On September 25, 2014, the parties filed their Joint Status Report ("JSR", ECF No. 59).  The JSR carefully outlined the parties' disagreement on how discovery should proceed.  Citing the Ninth Circuit's decision in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), Defendants argued that discovery should be bifurcated so as to initially limit discovery to whether Plaintiffs had exhausted administrative remedies applicable to their IDEA claims.  According to Defendants, only following that initial discovery, and the adjudication of summary judgment motions as to such exhaustion, should discovery as to the remainder of the case be permitted.  Thereafter, Defendants advocated a second round of summary judgment encompassing the merits of Plaintiffs' remaining claims. Plaintiffs, on the other hand, argued that Albino was distinguishable because it involved an instance in which  the plaintiff's failure to exhaust would have precluded plaintiffs'

claims in their entirety.  Here, on the other hand, Defendants' exhaustion defense applies to only  two of Plaintiffs' twelve causes of action.

In issuing the Pretrial Scheduling Order of January 16, 2015 ("PTSO") (ECF No. 60) and adopting a single deadline for both discovery and hearing any dispositive motions, the Court necessarily denied Defendants' arguments as set forth in the JSR. Nonetheless, Defendants filed objections to the PTSO on January 23, 2015, and January 28, 2015, respectively.  Both objections posited the same arguments already made in the JSR and rejected by the Court's issuance of the PTSO.

Paragraph XIV of the PTSO provided that the PTSO "will become final without further order of the Court unless objections are filed within (7) seven court days of service of this Order."  Based on the paragraph, Defendants apparently took the position that the discovery schedule in this matter was not finalized until the Court issued a specific order denying their objections, despite the fact, as indicated above, that the Court's issuance of the PTSO rejecting the same argument should already have made that clear.  It appears Defendants may have refrained from initiating certain discovery in reliance on their erroneous position.

Following a request for clarification, an email dated July 28, 2015, from the Courtroom Deputy made clear that the deadlines for completing discovery as set forth in the PTSO remained in place absent an order to the contrary.  This prompted Defendants to file two motions on August 5, 2015.  First, Defendant CDE filed a Request for Clarification of Scheduling Order and/or Stay and Extension.  ECF No. 72.  That Motion requested that the Court extend discovery for a period of nine months after issuance of the Court's order on Defendant CDE's Motion for Reconsideration (ECF No. 67).[1] Defendant CDE also seeks extensions of all remaining pretrial dates consistent with that nine month period.  CDE argues that its uncertainty over whether the Court's discovery

///

---

[1] That Motion, filed on April 2, 2015, as to the Court's previous Memorandum and Order filed March 26, 2015 (ECF No. 36) is being denied by an additional Order filed concurrently herewith.

deadlines were final, along with the ruling it awaited on its reconsideration request, justified those extensions.

Second, the Local Defendants also filed a Motion for Clarification of Scheduling Order and/or Stay and Extension.  ECF No. 72. That Motion advanced similar arguments with respect to the need for more time in view of the parties' pending objections to the PTSO.

Defendants' objections are without merit, and the Court has already rejected the same arguments made at length in the JSR.  The Court further finds it unwise and irresponsible on Defendants' part to have refrained from discovery based on those misplaced objections.  Nonetheless, the Court recognizes that paragraph XIV of the PTSO is at least susceptible to an interpretation that further direction from the Court would be forthcoming as to the content of its PTSO, including discovery deadlines, in the event timely objections were made.  At the same time, the Court also recognizes Plaintiffs' clear interest in moving this case towards trial without further delay.

In balancing those competing considerations, the Court hereby extends the deadline for completing fact discovery from September 25, 2015, until November 27, 2015.  The deadline for disclosing experts is also extended from November 25, 2015, to January 22, 2016.  All other dates set forth in the January 16, 2015, PTSO, including but not limited to the dispositive motion hearing date of March 17, 2016, the final pretrial conference date of June 9, 2016, and the trial date of July 25, 2016, remain in full force and effect.  Additionally, all terms and conditions set forth in the PTSO will remain unchanged, except that the page limitations applicable to dispositive motions shall be increased from 20 pages to 30 pages for moving and opposition papers, and 15 pages for any reply.

///
///
///
///

Except for the limited modifications to the PTSO set forth in the preceding paragraph, Defendant CDE's Motion for Clarification of Scheduling Order and/or Stay and Extension (ECF No. 78) and Local Defendant's Motion for Stay of Pretrial Scheduling Order to Modify Scheduling Order Extending Discovery Deadlines, and for Leave of Court to File Two Motions for Summary Judgment (ECF No. 72) are hereby DENIED.[2]

IT IS SO ORDERED.

Dated:  August 31, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Having determined that oral argument was not of material assistance, the Court orders both Motions submitted on the briefing in accordance with Local Rule 230(g).