UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT H., a minor, by and through his Guardians Ad Litem REBECCA HAVEY and HEATH HAVEY; REBECCA HAVEY, an individual; and HEATH HAVEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, BOARD OF TRUSTEES OF DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT; MARK GEYER, individually and in his official capacity of Superintendent of Dry Creek Joint Elementary School District; EVONNE ROGERS, individually and in her official capacity as Assistant Superintendent of Educational Services; LYNN BARBARIA, individually and in her official capacity as Director of Special Education; ANDREW GIANNINI, individually and in his official capacity as Principal at Olive Grove Elementary School; CALIFORNIA DEPARTMENT OF EDUCATION; and TOM TORLAKSON, individually and in his official capacity as State Superintendent of Public Instruction for the State of California,<br><br>Defendants. | No. 2:13-cv-00889-MCE-DAD<br><br>**AMENDED ORDER DENYING MOTION FOR RECONSIDERATION**[1] |

---

[1] This Amended Order is identical to the original Order Denying Motion for Reconsideration (ECF No. 88) except that it corrects a misstatement about the result of Defendant Torlakson's Motion filed on June 9, 2014. That Motion was granted on August 6, 2014 (ECF No. 56), not denied as the original Order indicated. See infra, 2:26-28.

1

Through this action, Plaintiffs Heath and Rebecca Havey, both individually and on behalf of their son Everett H. (hereinafter "Plaintiffs"), allege educational harms based on purported violations of Everett's right as a disabled student to a free and appropriate public education ("FAPE") pursuant to the provisions of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400m et seq. ("IDEA") and various state statutes.  Plaintiffs also assert associated violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504").  Finally, Plaintiffs assert claims under the auspices of 42 U.S.C. § 1983 ("§ 1983") which include both failure to accommodate claims and claims for civil rights discrimination and retaliation.  By way of damages, Plaintiffs seek compensatory education and reimbursement, compensatory and punitive damages and attorneys' fees.

The Dry Creek Joint Elementary School District, Everett's local school district, is named as a Defendant by Plaintiffs, along with Dry Creek's Board of Trustees and four individual Dry Creek administrators, Lynn Barbaria, Mark Geyer, Andrew Giannini and Evonne Rogers in their official capacities (the "Local Defendants").   In addition to the Local Defendants, the California Department of Education (the "CDE") and State Superintendent of Public Instruction Tom Torlakson are also named Defendants in the instant lawsuit (the "State Defendants").

Both the Local and State Defendants moved to dismiss Plaintiffs' Complaint on June 26, 2013 and July 15, 2013, respectively.  By Memorandum and Order filed March 20, 2014, the Court granted in part and denied in part the Local Defendants' Motion. Then, on March 26, 2014, the Court issued a second Order granting in part and denying in part the State Defendants' Motion as well.  Plaintiffs subsequently filed a First Amended Complaint on April 15, 2014, and by stipulation and order obtained leave to file the currently operative Second Amended Complaint on May 23, 2014.   Defendant Tom Torlakson filed a motion to Dismiss the Second Amended Complaint on June 9, 2014; that motion was denied on August 6, 2014.

On April 2, 2015, more than a year after the Court denied portions of its Motion to Dismiss, the CDE filed the Motion for Reconsideration now before the Court.  That Motion is premised on the contention that two intervening Ninth Circuit decisions have made it clear that Plaintiffs lack any private right of action against the CDE under applicable special education law, and that Plaintiffs therefore have no standing to pursue the IDEA claims they assert against the CDE.  Consequently, the CDE urges the Court to reconsider the denial of its dismissal requests as to the Second, Ninth and Tenth Causes of Action pled in Plaintiffs' initial Complaint.  Those causes of action assert various violations of the IDEA against the CDE, among other Defendants.  Plaintiffs' Motion in that regard is denied.[2]

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).  This principle is generally embodied in the law of the case doctrine.  That doctrine counsels against reopening questions once resolved in ongoing litigation.  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478).  Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).  Where reconsideration of a non-final order is sought, a court has "inherent jurisdiction to modify, alter or revoke it."  United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001).  The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  Pyramid, 882 F.2d at 369.

Despite the CDE's contention otherwise, the intervening Ninth Circuit decisions it identifies are not dispositive of whether Plaintiffs have a private right of action against

---

[2] Because oral argument was not deemed of material assistance, this matter was submitted on the briefing.  E.D. Cal. Local Rule 230(g).

1  the CDE.  In M.M. v. Lafayette School District, 767 F.3d 842 (9th Cir. 2014), the Ninth

2  Circuit did find that neither §§ 1412(a) nor 1415(a) of the IDEA confer an express right of

3  action on parents to sue the CDE for IDEA violations.  Id. at 860-61.  The Ninth Circuit

4  carefully limited its finding, however, to whether those statutes directly conferred such a

5  right.  It did not make any decision about whether a legally cognizable right could be

6  inferred, stating unequivocally that "we decline to reach whether a private right of action

7  can be implied in §§ 1412 and 1415 of the IDEA."  Id. at 861 n.8 (emphasis added).

8       The second cited decision, Fairfield-Suisun Unified School District v. California

9  Department of Education, 780 F.3d 968 (9th Cir. 2015) is no more helpful to the CDE in

10 ruling out Plaintiff's IDEA claims.  As a preliminary matter, Fairfield-Suisun is factually

11 distinguishable from the present matter inasmuch it involves the right of local educational

12 agencies, and not parents, to sue the CDE following disposition of complaint resolution

13 proceedings.  Moreover, while the case did find that the school district as a local

14 educational agency had no implied right of action under § 1415 of the IDEA to sue the

15 CDE, the Ninth Circuit limited any extension of its holding in that regard, stating as

16 follows:

17
18
19
> Whether parents have an implied right of action to sue state educational agencies for violating the IDEA in the context of complaint resolution proceedings is a question we need not and do not decide.

20 Id. at 971.

21      Consequently, since neither Fairfield-Suisun nor M. M. foreclose the right of

22 Plaintiffs herein as parents to sue the CDE for IDEA violations, Defendant CDE has

23 failed to identify any intervening change in law mandating a different result than that

24 ///

25 ///

26 ///

27 ///

28 ///

4

already reached by this Court in its prior March 26, 2014 Memorandum and Order. CDE's Motion for Reconsideration of that Order (ECF No. 67) is accordingly DENIED.

    IT IS SO ORDERED.

Dated: September 14, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT