HEATH A. HAVEY (SBN 244087)
801 K St., Ste.2300
Sacramento, CA 95814
E-mail: haveyh@jacksonlewis.com
Tel: 916-341-0404
Fax: 916-341-0141

Attorney for Plaintiff Rebecca Havey and
Minor Plaintiff Everett H.


HEATH A. HAVEY
9450 Courtney Way
Roseville, CA 95747
E-mail: haveyh@jacksonlewis.com
Tel: 916-749-4526
Fax: 916-341-0141

Plaintiff Pro Se and as Guardian ad Litem
for Minor Plaintiff Everett H.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| EVERETT H., et al.,<br><br>            Plaintiffs,<br><br>     vs.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, et al.<br><br>            Defendants. | CASE NO.:  2:13-cv-00889-MCE-EFB<br><br>**APPLICATION FOR APPROVAL OF MINOR'S COMPROMISE ;  ORDER APPROVING SAME**<br><br>DATE :      January 21, 2016<br>TIME :      9:00 a.m.<br>CTRM :     7<br>JUDGE :    Morrison C. England, Jr. |

## I.      INTRODUCTION

   Heath Havey, as attorney and parent guardian under FRCP 17(c)(1)(A) for Plaintiff and minor Everett H., submits the following Application for Approval of Minor's Compromise, seeking this Court's approval of the compromise of the claim of Everett H., pursuant to acceptance of the Offer of Judgment ("Offer") by defendants Dry Creek Joint Elementary School District, Mark Geyer, Lynn Barbaria, Andrew Giannini, and Evonne Rogers (collectively "District Defendants").  The acceptance of

the Offer does not affect this action as to the remaining defendant California Department of Education ("CDE"). If deemed necessary by the Court, this application also requests that the Court appoint Heath Havey as guardian ad litem for Everett H. relating to the proceeds of the Offer.

## II. RELEVANT FACTS

### A. IDENTITY OF PETITIONER EVERETT H.

Heath Havey, as attorney for Everett H. and his parent guardian under FRCP 17(c)(1)(A), hereby applies and petitions the Court to approve acceptance of the Offer made by the District Defendants resolving the above-captioned case as to the District Defendants, as described more fully herein and in the accompanying Declaration of Heath A. Havey, filed in support hereof.

Pursuant to Local Rule 202(b)(2), plaintiffs disclose that Everett H. is 12 years old and is male.

### B. FILED AND CALENDARED

Pursuant to Local Rule 202(b)(2), this Application was filed and calendared for a hearing on January 21, 2016. Plaintiffs request a ruling on this Application as soon as possible, and do not oppose a ruling on this Motion without argument or appearance by the parties unless specifically requested by the Court. In communications, the District Defendants have agreed to file a Notice of Non-Opposition to this Application and also do not oppose a ruling on this Motion without argument or appearance. This is also reflected in the stipulation previously filed by Plaintiffs and District Defendants. (ECF No. 112.)

This Application is made on shortened time pursuant to the Minute Order issued by this Court on January 4, 2016, and after confirming with the District Defendants that they do not oppose shortened time, and after confirming the available dates with the Clerk of the Court.

### C. IDENTIFY OF COUNSEL FOR THE OPPOSING PARTY

   1. Sloan Simmons and Jessi Gasbarro of Lozano Smith (attorneys for District Defendants):
      a. Address: One Capitol Mall, Suite 640, Sacramento, CA 95814
      b. Telephone: 916-329-7433
      c. Emails: ssimmons@lozanosmith.com; jgasbarro@lozanosmith.com
   2. Len Garfinkel (attorney for CDE/Non-Offering Defendant):
      a. Address: 1430 N Street, Room 5319, Sacramento, CA 95814

b.        Telephone: 916-319-0860

c.        Email: lgarfinkel@cde.ca.gov

**D.        FACTS AND CIRCUMSTANCES OF CAUSES OF ACTION**

Pursuant to Local Rule 202(b)(2), the following sets forth the nature of the causes of action to be compromised, and the facts and circumstances out of which the causes of action arose. Defendant CDE is not a party to the Offer of Judgment or acceptance, and the case will proceed against the CDE as to the claims of Everett H. and his parents.

The facts and circumstances out of which this case arose as to the District Defendants, including the individual defendants, are based on allegations that Everett H. suffered educational harms based on violations of his right as a disabled student to a free and appropriate public education ("FAPE") pursuant to the provisions of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400m et seq. ("IDEA") and various state statutes. Plaintiffs also asserted violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq. ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"), and claims under 42 U.S.C. §1983 ("Section 1983") on various grounds related to civil rights violations, discrimination and retaliation. Plaintiffs seek compensatory education (an equitable remedy) and reimbursement, compensatory and punitive damages, and attorneys' fees and costs. Plaintiffs Heath and Rebecca Havey, Everett's natural parents and guardians, also brought individual claims against the District Defendants under Section 504 for retaliation based on their rights to advocate for Everett, interfering with their right to advocate for Everett, for retaliation against Parents under the ADA, and for civil rights violation, including freedom of speech, retaliation, and malicious prosecution, under Section 1983.

The Second Amended Complaint ("SAC") makes the following factual allegations:

At all times relevant to this action, Dry Creek was the local educational agency responsible for providing Everett H. with a FAPE under the IDEA and California Education Code. Everett H. is currently eligible for special education and receives services through charter school Visions in Education, where he has been since parents removed him from Dry Creek in March 2012. Everett H. had a last-signed IEP in Dry Creek dated September 9, 2009 ("9/9/09 IEP") which categorized him as mentally retarded. Dry Creek admitted in May 2011 that Everett H. was not mentally retarded, and that

the previous testing of Dry Creek leading up to the 9/9/09 IEP also would not qualify as mental retardation; this was also confirmed by expert Dr. Ann Simun, who did a comprehensive review of records and assessment of Everett H.  Parents also discovered that Dry Creek had not been providing services, including Specialized Academic Instruction ("SAI") services to Everett H.

When parents began advocating for Everett and bringing the violations to the attention of Dry Creek, Dry Creek retaliated against Everett H. and parents.  Paragraphs 153 to 170 of the SAC describe the types of retaliation, interference, and discrimination against Everett H. and his parents, such as depriving Everett of food, refusing to tell his parents when he went sick to the nurse's office, sending him home with feces on him and clothes hanging out, ignoring parents' complaints of bullying, and subjecting him to repeated humiliation and physical danger; engaging in malicious prosecution tactics, refusing to allow parents to be meaningful participants in the IEP process, creating strategic delays in the IEP process, refusing to respond to parents' suggestions and questions,  interfering with an independent assessment, refusing to provide documentation to the charter school, threatening retention of Everett and to deprive him of STAR testing, refusal to provide parents with documentation and destruction and altering of educational records, violating the due process officer's orders, abusing the subpoena process to harass parents, and a number of other facts of discrimination, retaliation, and interference with rights.

Parents filed complaints with the CDE using the Complaint Resolution Process ("CRP") beginning on January 6, 2012.  The CDE refused to investigate many of the areas complained about, and reworded many others in a result-oriented investigation that deprived Plaintiffs of their rights.

This Court denied motions to dismiss filed by the CDE and District Defendants where they argued the CRP process did not exhaust administrative remedies,  The last day to file dispositive motions is January 21, 2016.  Prior to acceptance of the Offer, the District Defendants indicated that they intended to file a motion for summary judgment.

E. **CONSIDERATIONS OF ACCEPTING OFFER OF JUDGMENT**

On November 24, 2015, Plaintiffs accepted the Offer of Judgment under Rule 68 served by the District Defendants in the amount of $100,000.  This acceptance was made after analyzing the following factors:  (1) the further harm to Everett of delaying compensatory education services and the desire to

provide him intensive services before he starts high school in 2017; (2) the harm to Everett of delaying intensive services an additional year or more until after a trial and judgment, and possibly appeal; (3) the potential legal risks involved in continuing litigation against all defendants, including the potential of receiving an adverse judgment; (4) the potential recovery of additional damages for Everett from the CDE through continuing litigation against the CDE after the District Defendants are dismissed; (5) the potential ramifications and costs under Rule 68 if plaintiffs receive a judgment less than the amount in the Offer of Judgment; and (6) the costs of continuing this litigation through trial, including the need to hire trial counsel and experts.  Everett's attorney concluded it would be in his best interests to accept the offer, begin intensive educational treatment immediately, and continue the litigation against the CDE.

### F. DISCLOSURE OF ATTORNEY'S INTEREST

Pursuant to Local Rule 202(b)(2), Everett's attorney is Everett's natural father and guardian, Heath Havey, who has been lawfully married to his natural mother and co-plaintiff Rebecca Havey for approximately 23 years.  Rebecca Havey and Heath Havey consulted extensively before determining to accept the Offer of Judgment, determining that it was in Everett's best interests to accept the Offer.  Both parents have advocated extensively for Everett and have his best interests in mind, and also understand the risks of continuing litigation.  Heath Havey will not seek attorneys' fees out of the Offer of Judgment funds.

Parents believe and attest that they believe they are "representatives" of Everett H. as that term is defined in FRCP Rule 17(c)(1)(A) as general guardians of Everett, and therefore no appointment of a guardian ad litem is necessary, and also that Heath Havey is a representative attorney of Everett H.

However, to the extent the Court determines it necessary, the proposed order below also includes an appointment of attorney Heath Havey as guardian ad litem for Everett H.

### III. APPLICABLE LAW AND ARGUMENT

Acceptance of the Offer of Judgment relates to the rights of a minor, *i.e.*, Plaintiff Everett H.  As a result, California Probate Code §§ 3600 is implicated. See also Local Rule 202.  Heath Havey, as guardian and attorney for Everett H., recommends acceptance of the Offer of Judgment to the court as being fair, reasonable and in the best interest of Everett H., and requests that the court approve acceptance of the Offer of Judgment.  As guardian and attorney for Everett H., Heath Havey verifies that

all information having any bearing upon the reasonableness of acceptance of the Offer of Judgment has been disclosed.  See Local Rule 202; Cal. R. Ct. 3.1384, 7.950.  As such, plaintiffs hereby request that the Court, by court order, approve the acceptance of Offer of Judgment and direct the Clerk of the Court to enter the judgment without delay.

### IV.  CONCLUSION

Based upon the foregoing, and on the information contained in the supporting Declaration of Heath A. Havey filed concurrently herewith, Heath Havey respectfully requests that the Court approve the acceptance of Offer of Judgment served by the District Defendants, and to direct the Clerk of the Court to enter judgment without delay.

Dated:  January 8, 2016                             Respectfully Submitted,


By: /s/  Heath A. Havey
     Heath A. Havey

Attorney for Plaintiffs Rebecca F. Havey and Everett H., as Pro Se Plaintiff and Guardian ad litem for Minor Everett H.

### ORDER

The Court has considered the foregoing Application for Approval of Minor's Compromise, the supporting declaration of Heath Havey, and the District Defendant's Non-Opposition to said Application.  The court further conducted a hearing on said Application on January 21, 2016 at which both Plaintiff's counsel and counsel for the District Defendants were present.  Following said hearing, upon full consideration of both counsel's representation and all the papers submitted, and cause appearing therefor,

IT IS HEREBY ORDERED that the Application for Approval of Minor's Compromise is GRANTED, and the Court approves acceptance of the Offer of Judgment in favor of Plaintiffs and against only the District Defendants in the amount of $100,000, as a fair and just compromise of Plaintiffs' claims against the District Defendants.

IT IS FURTHER ORDERED that the Clerk of the Court enter Judgment against the District Defendants pursuant to the offer and acceptance without delay.

IT IS FURTHER ORDERED that, for good cause appearing, father and attorney Heath Havey, as representative for minor Everett H., is appointed as guardian ad litem for Everett H.  For the reasons set forth in Plaintiffs' Application, and as discussed on the record during the course of the hearing, the proceeds of the Offer of Judgment need not be placed into a special needs trust given Heath Havey's representation that the monies are needed for intensive compensatory education services prior to the minor's entry into high school in the Fall of 2017 and will be spent for that purpose.

IT IS SO ORDERED.

Dated:  January 21, 2016

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT