Sloan R. Simmons, SBN 233752
Marcella L. Gutierrez, SBN 214224
Jessica Gasbarro, SBN 258100
**LOZANO SMITH**
One Capitol Mall, Suite 640
Sacramento, CA 95814
Telephone:   (916) 329-7433
Facsimile:   (916) 329-9050
Email:   jgasbarro@lozanosmith.com

Attorneys for Defendants
Dry Creek Joint Elementary School District,
Mark Geyer, Lynn Barbaria,
Andrew Giannini and Evonne Rogers

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT H., et al.,<br><br>   Plaintiffs,<br><br>   vs.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, et al.,<br><br>   Defendants. | Case No. 2:13-cv-00889-MCE-DAD<br><br>**JOINT STIPULATION RE:  REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO RULE 68 WITHOUT DELAY, OR IN THE ALTERNATIVE RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE; ORDER OF JUDGMENT THEREON** |

JOINT STIP. RE:  REQUEST FOR ENTRY OF JUDGMENT;
ORDER THEREON

Everett H. et al. v. DCJESD et al.
Case No. 2:13-cv-00889-MCE-DAD

Plaintiffs Heath Havey, Rebecca Havey and Everett H. ("Plaintiffs"), and Defendants Dry Creek Joint Elementary School District, Mark Geyer, Lynn Barbaria, Andrew Giannini and Evonne Rogers ("District Defendants" and, collectively with Plaintiffs, the "Parties"), by and through their respective counsel, urgently request the Court to direct the Clerk to enter judgment **without delay** pursuant to the accepted Offer of Judgment filed under Rule 68(a) of the Federal Rules of Civil Procedure (ECF Docket No. 110).  If necessary to accommodate immediate entry of judgment, the Parties stipulate and agree for the Court to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, disposing of all the claims against the District Defendants and allowing the case to proceed against the remaining Defendant California Department of Education.  The Parties stipulate as follows:

1. On May 12, 2014, Plaintiffs filed their operative Second Amended Complaint ("SAC") in this action;

2. On November 10, 2015, District Defendants served a Rule 68 Offer of Judgment ("Rule 68 Offer") on Plaintiffs;

3. On November 24, 2015, Plaintiffs accepted District Defendants' November 10, 2015 Rule 68 Offer, and Plaintiffs served on District Defendants their Notice of Acceptance of Offer of Judgment Under F.R.C.P. Rule 68;

4. On November 24, 2015, Plaintiffs filed their Notice of Acceptance of Offer of Judgment Under F.R.C.P. Rule 68 with the Court (ECF Docket No. 110).  A true and correct copy of ECF Docket No. 110 and its attachments, which includes District Defendants' Rule 68 Offer, Plaintiffs' Notice of Acceptance of Offer of Judgment Under F.R.C.P. Rule 68, and Proof of Service of the Notice of Acceptance, are attached collectively hereto as Exhibit "A" and incorporated by reference;

5. On December 8, 2015, District Defendants' counsel sent an email to the Courtroom Deputy to the Honorable Chief Judge England, Ms. Stephanie Deutsch, inquiring as to the anticipated timeline for when Judgment would be entered in this case by the clerk pursuant to the accepted Rule 68 Offer.  Ms. Deutsch responded that "[t]he clerk's office will only enter one judgment at the conclusion of the entire case.  I hope this helps."  A true and correct copy of this email exchange is attached hereto as Exhibit "B" and incorporated by reference.

///

6. Plaintiffs assert there is no just cause for delay, and contend that they will be prejudiced by any delays in entering judgment pursuant to Rule 68. Plaintiffs accepted the Rule 68 Offer, even though they contend it does not fully compensate Everett H. for the harms caused consistent with the allegations in the SAC, primarily to ensure they will be able to immediately begin providing services, therapies, and necessary education to Everett without delay. This was done to ensure that further educational and other harms do not continue to accrue and that Everett can close the educational gap as much as possible without delay or continuing harm. Plaintiffs contend that waiting until trial or final judgment as to the claims against the CDE will compound the harms against Everett that Plaintiffs can otherwise begin to remediate now. Plaintiffs believe it is in Everett's best interest to begin using the funding from the Offer of Judgment now, and to supplement that with any future judgment against the CDE related to the claims against the CDE.

7. The District Defendants assert that there is no just cause for delay of entry of judgment in this matter, and that an entry of judgment at this time is necessary to provide the District Defendants with complete and final closure of this case relative to the District Defendants, allow for the final payment to Plaintiffs for full satisfaction of this case as it pertains to the claims against the District Defendants in the SAC, and to provide certainty as to the cessation of any further incurrence of attorneys' fees and costs in this matter on behalf of the District Defendants.

8. Based upon the foregoing, and the absence of entry of judgment in this case consistent with the accepted Rule 68 Offer to date, the Parties stipulate and agree that, pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, the Court should direct the Clerk to enter judgment against District Defendants **without delay**, pursuant to the Rule 68 Offer and its acceptance by Plaintiffs, as to District Defendants and the claims against them in the SAC, including the First, Fourth, Fifth, Sixth and Eleventh Claims for Relief, and the Twelfth Claim for Relief to the extent asserted against the individual District Defendants. *See* Fed. R. Civ. P. 68(a) ("Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the

///

offer and notice of acceptance, plus proof of service.  The clerk *must **then*** enter judgment.")  (emphasis added);

       9.      In the alternative, the Parties stipulate and agree that the Court, in its discretion, should enter judgment against the District Defendants based upon Plaintiffs' acceptance of the Rule 68 Offer, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Parties stipulate and agree that Plaintiffs' acceptance of the Rule 68 Offer resolves all claims contained in the SAC against District Defendants only.  The Parties agree that the accepted Rule 68 Offer does not dispose of, adjudicate or otherwise resolve the remaining claims of Plaintiffs in the SAC against the California Department of Education, and that there is no just reason for delay in the entry of judgment in this case consistent with the accepted Rule 68 Offer.  *See, e.g.*, *Harry & David v. ICG Am. Inc.*, Case no. 08-3106-CL, 2010 U.S. Dist. LEXIS 135688, *1-5; *Griffin v. Archbold Med. Ctr., Inc.*, Case No. 7:08-cv-54(HL), 2009 U.S. Dist. LEXIS 40718, *1-2 (M.D. Ga. May 14, 2009) (citing *Acceptance Indem. Ins. Co. v. Southeastern Forge, Inc.* (M.D. Ga. 2002) 2009 F.R.D. 697, 699).

      10.      The Parties therefore respectfully request the Court direct the Clerk to enter Judgment against District Defendants only, in accordance with Rule 68(a), or, in the alternative, the Court enter Judgment in its own discretion, pursuant to Rule 54(b), because there is no just reason to delay entry of judgment consistent with the accepted Rule 68 Offer.

Dated: December 23, 2015

Respectfully submitted,

**LOZANO SMITH**

/s/ Sloan R. Simmons
SLOAN R. SIMMONS
MARCELLA L. GUTIERREZ
JESSICA GASBARRO
Attorneys for Defendants
Dry Creek Joint Elementary School District, Mark Geyer, Lynn Barbaria, Andrew Giannini and Evonne Rogers

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, California 95814
Tel 916-329-7433  Fax 916-329-9050

Dated: December 23, 2015               Respectfully submitted,

/s/ Heath A. Havey
HEATH A. HAVEY
Attorney for Plaintiff Rebecca Havey and Minor
Plaintiff Everett H., as Plaintiff Pro Se and as
Guardian ad Litem for Minor Plaintiff Everett H.

*Attestation: The filer of this document attests that the concurrence of the other signatories thereto has been obtained.

## ORDER

Based upon the foregoing Stipulation between Plaintiffs Heath Havey, Rebecca Havey and Everett H. ("Plaintiffs") and Defendants Dry Creek Joint Elementary School District, Mark Geyer, Lynn Barbaria, Andrew Giannini and Evonne Rogers ("District Defendants"), and GOOD CAUSE APPEARING THEREFORE:

The Court directs the Clerk, pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, to enter Judgment against District Defendants only, consistent with the accepted Rule 68 Offer of Judgment (ECF Docket No. 110), notice of acceptance of which was filed with the Court on November 24, 2015.

The Court finds that there is no just reason for delay in entering judgment against District Defendants only, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The case remains pending against the remaining Defendant, the California Department of Education.

**IT IS SO ORDERED.**

Dated: January 21, 2016

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, California 95814
Tel 916-329-7433 Fax 916-329-9050

JOINT STIP. RE: REQUEST FOR ENTRY OF JUDGMENT;   5   Everett H. et al. v. DCJESD et al.
ORDER THEREON                                       Case No. 2:13-cv-00889-MCE-DAD