UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT H., a minor, by and through his Guardians Ad Litem REBECCA HAVEY and HEATH HAVEY; REBECCA HAVEY, an individual; and HEATH HAVEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, BOARD OF TRUSTEES OF DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT; MARK GEYER, individually and in his official capacity as Superintendent of Dry Creek Joint Elementary School District; EVONNE ROGERS, individually in her official capacity as Assistant Superintendent of Educational Services; LYNN BARBARIA, individually and in her official capacity as Director of Special Education; ANDREW GIANNINI, individually and in his official capacity as Principal at Olive Grove Elementary School; CALIFORNIA DEPARTMENT OF EDUCATION; and TOM TORLAKSON, individually and in his official capacity as State Superintendent of Public Instruction for the State of California,<br><br>Defendants. | No. 2:13-cv-00889-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

1

Through the present action, Plaintiffs Heath and Rebecca Havey, both individually and on behalf of their son Everett H. (hereinafter "Plaintiffs" unless otherwise indicated) allege educational harms based on purported violations of Everett's right as a disabled student to a free and appropriate public education ("FAPE") pursuant to the provisions of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400, et seq. ("IDEA"), and various state statutes. Plaintiffs also assert associated violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). By way of damages, Plaintiffs seek compensatory education and reimbursement, compensatory and punitive damages, and attorneys' fees.

The Dry Creek Joint Elementary School District, Everett's local school district, was originally named as a Defendant by Plaintiffs, along with Dry Creek's Board of Trustees and four individual Dry Creek administrators, Lynn Barbaria, Mark Geyer, Andrew Giannini and Evonne Rogers in their official capacities (collectively referred to hereafter as "Dry Creek"). On or about November 23, 2014, however, Plaintiffs settled their claims against Dry Creek by accepting its offer of entry of judgment pursuant to Federal Rule of Civil Procedure 68.[1] Although that terminated all claims against Dry Creek, Plaintiffs also included the California Department of Education (the "CDE") as a named Defendant.[2]

The CDE moved for summary judgment and, by Memorandum and Order filed September 30, 2016 (ECF No. 138), that motion was granted with respect to Plaintiffs' third claim for relief, which alleged a violation of California Education Code § 37252.2. Summary adjudication was also granted with respect to certain relief sought in the prayer to Plaintiffs' Second Amended Complaint. Presently before the Court are cross-motions

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Plaintiffs also initially sued Tom Torlakson, California's State Superintendent of Public Instruction, but all claims against Torlakson were dismissed by Memorandum and Order filed August 6, 2015 (ECF No. 56).

2

for reconsideration asking the Court to revisit its rulings as to the propriety of damages requested by Plaintiffs in their prayer for relief. The CDE, in its motion (ECF No. 15), asks the court to reconsider its order denying the CDE's request to strike Plaintiffs' prayer for injunctive relief. Plaintiffs, for their part, urge the Court to find that compensatory damages are indeed available for Plaintiffs' allegations of intentional discrimination and retaliation under Title II of the ADA and Section 504.

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citing 18 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369.

With respect to the CDE's claim that any injunctive relief available to Plaintiffs be precluded, the CDE claimed in their motion for summary judgment that because Everett left the Dry Creek Joint Elementary School District more than four years ago, he lacks standing to assert injunctive relief since he is currently being home-schooled and consequently cannot show any ongoing injury susceptible to injunctive redress. The Court declined to find a lack of standing on summary adjudication, however, reasoning that reassurances by way of injunctive relief could permit Everett to return to Dry Creek, where he continues to be geographically zoned, and that his parents' decision to home

school Everett for his own safety amounted to a "heavy burden" on their resources. Memorandum and Order, ECF No. 138, at 25:24-26:5. The CDE now requests reconsideration of that Order on grounds that by the time of the trial currently set for July 24, 2017, Everett will have graduated from eighth grade and consequently will no longer be able to attend Dry Creek (and qualify for CDE oversight over Dry Creek's educational services) since Dry Creek is a K-8 school district. Thus, according to the CDE, any injunctive relief can no longer be had.

In opposition, Plaintiff Heath Havey has submitted a declaration indicating that because Everett's latest Triennial and IEP meetings confirm that he remains below grade level, being held back another year is being considered rather than currently advancing Everett to high school for the 2017-18 school year. Havey further indicates that an additional Triennial meeting has been scheduled for May 18, 2017 to address these concerns. Decl. of Heath Havey, ECF No. 160-1, ¶¶ 2-4. While the CDE argues that this is sheer speculation, the Court believes that the circumstances present are sufficient to permit standing at this time. In addition, by demonstrating alleged systemic shortcomings on the part of CDE that extend beyond FAPE issues applicable only to Everett, Plaintiffs' standing in seeking redress is not necessarily limited by the scope of Everett's particular concerns in any event. Consequently, the CDE's Motion for Reconsideration fails.

As indicated above, Plaintiffs' cross-motion for reconsideration targeted specifically to the availability of compensatory damages for Plaintiffs' claim under the ADA and Section 504. Plaintiffs failed to offer any meaningful opposition to the CDE's request that the court deem those damages unavailable given the Ninth Circuit's holding in Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1269-70 (9th Cir. 2009), and summary adjudication as to that portion of Plaintiffs' prayer for relief was therefore granted. Now, Plaintiffs contend that the Court should have deduced that authority cited in their cross-motion for summary judgment should have been construed as opposition to CDE's motion. Given the sheer volume of briefing submitted in connection with the

4

parties' respective requests for summary judgment, expecting the Court to apply authority buried within one motion to its adjudication of another is simply not reasonable. As the Seventh Circuit observed in United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991), "[j]udges are not like pigs, hunting for truffles buried in briefs." Nonetheless, because the authority now cited goes directly to the legal merits of the CDE's claim concerning the propriety of compensatory damages, the Court is compelled to examine it in light of reconsideration's objective to prevent clear error. See Pyramid, 882 F.2d at 369.

While the Ninth Circuit's decision in Alvarado did indeed preclude compensatory damages in an ADA retaliation claim, that case in fact was premised on a violation of Title I of the ADA. See Alvarado, 588 F.3d at 1263 ("After Alvarado was terminated he filed a lawsuit against Cajun alleging employment discrimination in violation of Title I of the ADA . . . ." (emphasis added)). At least two Eastern District cases, including a decision from the undersigned have found that the analysis changes, however, if a violation under Title II against a public entity is alleged. In that event, compensatory damages may be permitted. Lee v. Natomas Unified Sch. Dist., 93 F. Supp. 3d 1160, 1171 (E.D. Cal. 2015); Herrera v. Giampietro, 2010 WL 1904827, at *9 (E.D. Cal. May 10, 2010). Here, because CDE is unquestionably a public entity, the provisions of Title II are implicated, and compensatory damages are conceivably proper.

It must also be noted that where discriminatory intent is found, Ninth Circuit authority itself has recognized the availability of money damages. See Duvall v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (setting forth the level of discriminatory intent required to support compensatory damages under Title II of the ADA); Ferguson v. City of Phoenix, 157 F.3d 668, 674-75 (9th Cir. 1998) (finding that compensatory damages are available under Title II of the ADA and Section 504 for intentional discrimination). In addition, recent unpublished Ninth Circuit opinion, Rojo v. Bright, 2016 WL 7378449, at *1 (9th Cir. Dec. 14, 2016), reaffirmed that compensatory damages are available under Title II of the ADA under a "deliberate indifference"

standard. Here, given Plaintiffs' allegations of intentional discrimination, such requisite intent cannot be ruled out. Therefore Plaintiffs' reconsideration request as to such damages is well-taken on that ground as well.

In sum, while the CDE's Motion for Reconsideration as to the availability of injunctive relief (ECF No. 150) is DENIED, the Court GRANTS Plaintiffs' Request for Reconsideration (ECF No. 161) as to the availability of compensatory damages for Plaintiffs' allegations of intentional discrimination and retaliation under Title II of the ADA and Section 504 of the Rehabilitation Act, including under a "deliberate indifference" standard. The Court accordingly strikes lines 14-23 from page 25 of its Memorandum and Order filed September 30, 2016 (ECF No. 138).[3]

IT IS SO ORDERED.

Dated: May 12, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Having determined that oral argument was not of material assistance, the Court orders this matter submitted on the briefing in accordance with E.D. Local Rule 230(g).