UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EVERETT H, a minor, by and through his Guardians Ad Litem REBECCA HAVEY and HEATH HAVEY; REBECCA HAVEY, an individual; and HEATH HAVEY, an individual

Plaintiffs,

v.

DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, BOARD OF TRUSTEES OF DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT; MARK GEYER, individually and in his official capacity as Superintendent of Dry Creek Joint Elementary School District; EVONNE ROGERS, individually in her official capacity as Assistant Superintendent of Educational Services; LYNN BARBARIA, individually and in her official capacity as Director of Special Education; ANDREW GIANNINI, individually and in his official capacity as Principal at Olive Grove Elementary School; CALIFORNIA DEPARTMENT OF EDUCATION; and TOM TORLAKSON, individually and in his official capacity as State Superintendent of Public Instruction for the State of California,

Defendants.

No. 2:13-cv-00889-MCE-DB

**MEMORANDUM AND ORDER**

1

Through the present action, Plaintiffs Heath and Rebecca Havey, both individually and on behalf of their son Everett H. (hereinafter "Plaintiffs" unless otherwise indicated) allege educational harms based on purported violations of Everett's right as a disabled student to a free and appropriate public education ("FAPE") pursuant to the provisions of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 et seq. ("IDEA"), and various state statutes. Plaintiffs also assert associated violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). By way of damages, Plaintiffs seek compensatory education and reimbursement, compensatory and punitive damages, and attorneys' fees. Plaintiffs have timely demanded a jury trial pursuant to Federal Rule of Civil Procedure 38(b).[1]

The Dry Creek Joint Elementary School District, Everett's local school district, was originally named as a Defendant by Plaintiffs, along with Dry Creek's Board of Trustees and four individual Dry Creek administrators, Lynn Barbaria, Mark Geyer, Andrew Giannini and Evonne Rogers in their official capacities (collectively referred to hereafter as "Dry Creek"). On or about November 23, 2014, however, Plaintiffs settled their claims against Dry Creek by accepting its offer of entry of judgment pursuant to Rule 68. Although that terminated all claims against Dry Creek, Plaintiffs also included the California Department of Education (the "CDE") as a named Defendant.[2]

The CDE now moves to strike Plaintiffs' jury demand as to the Second, Eighth, Ninth and Tenth Causes of Action contained within Plaintiffs' Second Amended Complaint (ECF No. 45) and part of the Eleventh Cause of Action, on grounds that the issues specified in those causes of action are not subject to jury trial. As set forth below, that Motion is denied.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Plaintiffs also initially sued Tom Torlakson, California's State Superintendent of Public Instruction, but all claims against Torlakson were dismissed by Memorandum and Order filed August 6, 2015 (ECF No. 56).

**ANALYSIS**

According to the CDE, the Second and Ninth Causes of Action directly implicate the IDEA and Plaintiffs are not entitled to a jury trial since it is "well-settled" that there is no such right as to IDEA claims. The CDE cites numerous cases in support of that proposition. Def.'s Mot., ECF No. 143, 1:18-27. The CDE goes on to assert that because the Tenth Cause of Action, for violation of California Education Code §56000, et seq., implements the IDEA, Plaintiffs have no right to jury trial as to that issue. In addition, with regard to that portion of the Eleventh Cause of Action under the ADA based on retaliation, the CDE cites a Ninth Circuit decision, Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1270 (9th Cir. 2009), finding no right to a jury trial on such a claim. Finally, arguing that cases under the ADA and Section 504 are generally analyzed in the same manner, see Vinson v. Thomas, 288 F.3d 1145, 2252 n.7 (9th Cir. 2002), the CDE similarly asserts there is no right to a jury trial on Plaintiff's Eighth Cause of Action for retaliation and interference with advocacy.

As this Court has previously observed, the facts of this case defy clear-cut labels. Plaintiffs allege numerous acts of retaliation and misrepresentation which included both physical neglect and psychological humiliation. Even though that conduct may have originated in an educational sitting otherwise falling under the purview of the IDEA, the Ninth Circuit has recognized that the IDEA "does not encompass every challenge concerning a school's treatment of a disabled student" and in particular may not "apply to plaintiffs who claimed that school officials had inflicted physical and emotional abuse on their child." Payne v. Peninsula Sch. Dist., 653 F.3d 863, 872-73 (9th Cir. 2011).

While some portions of both Plaintiffs' IDEA claims, and their other claims implicating the ADA and Section 504, may fall within the scope of claims ordinarily deemed not amenable to jury trial, other aspects of those claims do not. This case include intersecting claims which pertain not only to the provision of a free and appropriate education ("FAPE") under the IDEA , and related statutory protections to

3

FAPE afforded by the ADA and Section 504, but also to intentional discrimination, retaliation and deliberate indifference to claims of physical abuse and negligence as well as denial of school benefits. Plaintiffs' equitable claims under the IDEA and related statutory provisions, which do not by themselves entitle Plaintiffs to a jury trial, arise from the same set of factual circumstances giving rise to Plaintiffs' legal claims stemming from the same set of circumstances, which do. Specifically, Plaintiffs' claims for intentional discrimination and retaliation allow for compensatory damages to which a right to jury trial attaches, and those claims by no stretch of the imagination are synonymous with the provision of a FAPE under the IDEA. See, e.g., Mark H. v. Hamamoto, 620 F.3d 1090, 1097 (9th Cir. 2010) (finding compensatory damages for discriminatory actions and violations of Section 504 are available when defendant acted "intentionally or with deliberate indifference"); Mark H. v. Lemahieu, 513 F.3d 922, 930 (9th Cir. 2008) (finding compensatory damages allowed under Section 504 where allegations go beyond simply demonstrating that FAPE requirements were not met).

     As Plaintiffs point out, the Rules of Civil Procedure mandate that this Court "preserve any federal right to a jury trial." Fed. R. Civ. Pro. 42(b). Where, as here, equitable and legal claims joined in a lawsuit raise similar factual issues, the equitable claims generally cannot be separated and tried first since the court's determination of the facts on the equitable claims could impair the objecting party's right to a full trial on the legal claims. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 508-10 (1959); Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001) (explaining that "a constitutional concern may arise when the district court orders that some portions of a case be tried to the judge and others to a jury" in circumstances where "the legal and equitable issues overlap and the evidence is intertwined"). Here, the issues are so inextricably intertwined that a bench trial on any of the claims raises the danger of abrogating Plaintiffs' right to a jury trial on other claims. Consequently, the Court declines to bifurcate the proceedings between issues subject to either a bench or jury trial since making that determination would be all but impossible.

4

**CONCLUSION**

For all the foregoing reasons, the CDE's Motion to Strike Plaintiff's Jury Trial Demand (ECF No. 143) is DENIED.[3]

IT IS SO ORDERED.

Dated: May 12, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

.

---

[3] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefing in accordance with E.D. Local Rule 230(g).