UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT H, a minor, by and through his Guardians Ad Litem REBECCA HAVEY and HEATH HAVEY; REBECCA HAVEY, an individual; and HEATH HAVEY, an individual<br><br>Plaintiffs,<br><br>v.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, BOARD OF TRUSTEES OF DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT; MARK GEYER, individually and in his official capacity of Superintendent of Dry Creek Joint Elementary School District; EVONNE ROGERS, individually in in her official capacity as Assistant Superintendent of Educational Services; LYNN BARBARIA, individually and in her official capacity as Director of Special Education; ANDREW GIANNINI, individually and in his official capacity as Principal at Olive Grove Elementary School; CALIFORNIA DEPARTMENT OF EDUCATION; and TOM TORLAKSON, individually and in his official capacity as State Superintendent of Public Instruction for the State of California,<br><br>Defendants. | No. 2:13-cv-00889-MCE-DAD<br><br>**ORDER TO SHOW CAUSE RE VIOLATIONS OF 28 U.S.C. § 1875** |

1

| | |
|---|---|
| 1 | Ms. Erin Berquist, an employee of Sierra Nevada Memorial Hospital--Dignity |
| 2 | Health ("the Hospital") in Grass Valley, California, has been sworn as a juror in the trial |
| 3 | of the above-captioned case.  As part of her sworn duties before this Court, she is |
| 4 | required to hear evidence over the course of three days each week:  Monday, Tuesday |
| 5 | and Wednesday. |
| 6 | This trial commenced on Monday, July 24, 2017, and on Tuesday, August 1, |
| 7 | 2017, the Court received a written communication from Ms. Berquist.  According to |
| 8 | Ms. Berquist, although her contracted position as a nurse required her to work just four |
| 9 | days a week, the Hospital had nonetheless informed her that it would require her to work |
| 10 | two days per week on top of the three days she was already serving in her capacity as a |
| 11 | federal juror.  Ms. Berquist's concern was whether she could be required to work a fifth |
| 12 | day and, if so, whether she would be entitled to additional compensation for working an |
| 13 | extra shift. |
| 14 | In response, the Court advised Ms.Berquist that during this trial, her four-day work |
| 15 | week was subject to the three days weekly she had to serve as a juror.  As such, she |
| 16 | could not be required to work a fifth day, but if she did elect to take on an extra shift, she |
| 17 | would be entitled to extra shift pay. |
| 18 | Subsequently, on Friday, August 4, 2017, the Court received another |
| 19 | communication from Ms. Berquist indicating that although she had worked at the |
| 20 | Hospital on Thursday after serving as a juror on Monday, Tuesday and Wednesday of |
| 21 | the current week, the Hospital's management had taken the position that if Ms. Berquist |
| 22 | failed to also work on Friday, she would be written up for an unscheduled absence.  The |
| 23 | Court asked Ms. Berquist for the name and phone number of her immediate supervisor |
| 24 | so that he or she could be contacted. |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

That same day the Court telephoned Plaintiff's supervisor, one Jessica Enos. Ms. Enos responded by leaving her own message for the Court, but when the Court tried to reach her again, she was unavailable. At that point, the Court left a message for Ms. Enos that it was illegal under 28 U.S.C. § 1875 to intimidate or coerce an employee for serving as a federal juror.

Ms. Enos did not respond to the Court's voicemail. On Monday, August 7, 2017, however, the Hospital's Human Resources Manager, Ms. Apryl Lucas, left a message for the Court (notably when the Court was in the process of presiding over the aforementioned jury trial) to ask that it call her to discuss the matter. The undersigned once again called back and left a detailed message informing the Hospital, this time through Ms. Lucas, that threatening, intimating or coercing a federal juror is unlawful. In that message, the Court specifically enumerated the requirements of § 1875, which provides as follows:

> **28 U.S. Code § 1875 - Protection of jurors' employment**
>
> (a)  No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States.
>
> (b)  Any employer who violates the provisions of this section—
>
>   (1)  shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation;
>
>   (2)  may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of his jury service; and
>
>   (3)  shall be subject to a civil penalty of not more than $5,000 for each violation as to each employee, and may be ordered to perform community service.
>
> (c)  Any individual who is reinstated to a position of employment in accordance with the provisions of this section shall be considered as having been on furlough or leave of absence during his period of jury service, shall be reinstated to his position of employment without loss of seniority, and

> shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such individual entered upon jury service.
>
> (d) (1) An individual claiming that his employer has violated the provisions of this section may make application to the district court for the district in which such employer maintains a place of business and the court shall, upon finding probable merit in such claim, appoint counsel to represent such individual in any action in the district court necessary to the resolution of such claim. Such counsel shall be compensated and necessary expenses repaid to the extent provided by section 3006A of title 18, United States Code.
>
> (2) In any action or proceeding under this section, the court may award a prevailing employee who brings such action by retained counsel a reasonable attorney's fee as part of the costs. The court may tax a defendant employer, as costs payable to the court, the attorney fees and expenses incurred on behalf of a prevailing employee, where such costs were expended by the court pursuant to paragraph (1) of this subsection. The court may award a prevailing employer a reasonable attorney's fee as part of the costs only if the court finds that the action is frivolous, vexatious, or brought in bad faith.

The Court heard nothing from anyone at the Hospital after the second voicemail.

Despite the Court's repeated attempts to reach the Hospital, and without making any real effort to address the content of the Court's messages, the Hospital took adverse action directly against Ms. Berquist by: (1) declining her request for extra shift pay based on the work she performed on July 28, 2017 (her fifth work day that week after considering her three days of jury service and the one day she had already worked as a nurse); (2) removing Ms. Berquist's extra shift designation for that same day; and (3) advising Ms. Berquist, through Ms. Enos in conjunction with Human Relations Manager Apryl Lucas and Regional Employee/Labor Relations Manager Austin Stringfellow, that Ms. Berquist's failure to report for a fifth day of work on August 4, 2017, was deemed an unexcused absence such that she was being docked eight hours of unscheduled personal time off ("PTO").

This Court could not have been more clear in its communications with the Hospital: punitive actions against Ms. Berquist like those detailed above squarely violate

4

federal law protecting jury service, service that is fundamental to the ability of this Court to fulfill its own sworn obligations to uphold and protect the Constitution of the United States. Given the fact that no one from the Hospital made any real attempt to personally contact this Court despite its repeated attempts to address this matter informally, the Hospital clearly gives little regard to the vital role jurors play in the functioning of our judiciary.

Accordingly, the Court is left with no other option but to conclude that the Hospital's above conduct in refusing to pay Ms. Berquist for working a fifth day despite having a four-day a week contract and counting her subsequent failure to work a fifth day as an unexcused absence both constitute violations of 28 U.S.C. § 1875.

Because the protection of those individuals serving as jurors is of paramount importance to this Court and to ability of this third branch of government to function, the Court hereby orders the Hospital to show cause:

1. Why the Hospital, Jessica Enos and/or Apryl Lucas or anyone else associated with the decisions concerning the employment of Ms. Berquist should not be required to pay $10,000.00 in statutory penalties for twice violating 28 U.S.C. § 1875, as authorized by subdivision (b)(3) of the statute;

2. Why the Hospital should not be ordered to pay Ms. Berquist the appropriate shift differential for the fifth day she worked on July 28, 2017; and

3. Why this Court should not appoint counsel to represent Ms. Berquist both in these proceedings and in any future proceedings to ensure that no further punitive action of any kind is taken now or in the future against her in retaliation for her public service to this country.

///
///
///
///
///

A hearing on this Order to Show Cause is hereby scheduled for **Monday, August 28, 2017 at 10:00 a.m. in Courtroom 7** of the above-referenced court, located at 501 I Street, Sacramento California. Jessica Enos, Apryl Lucas as well as a representative of the Hospital and/or Dignity Health are ordered to ***personally*** appear and provide testimony as necessary at that hearing.

IT IS SO ORDERED.

Dated: August 15, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE